**FAEGRE DRINKER BIDDLE & REATH LLP**
Michael Jaeger (SBN 289364)
*michael.jaeger@faegredrinker.com*
1800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: 310-203-4000
Facsimile: 310-229-1285

R. Trevor Carter (*pro hac vice*)
*trevor.carter@faegredrinker.com*
Louis T. Perry (*pro hac vice*)
*louis.perry@faegredrinker.com*
Andrew M. McCoy (*pro hac vice*)
*andrew.mccoy@faegredrinker.com*
Reid E. Dodge (*pro hac vice*)
*reid.dodge@faegredrinker.com*
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: 317-237-0300
Facsimile: 317-237-1000

David R. Merritt (*pro hac vice*)
*david.merritt@faegredrinker.com*
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: 612-766-7000
Facsimile: 612-766-1600

*Counsel for Plaintiff Intex Recreation Corp.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEX RECREATION CORP., | Case No. 2:19-CV-08596-TJH (ASx) |
| *Plaintiff,* | |
| *v.* | **PROTECTIVE ORDER** |
| BESTWAY (USA), INC. and BESTWAY INFLATABLES & MATERIALS CORPORATION, | |
| *Defendants.* | |

1

### 1. A.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B.   GOOD CAUSE STATEMENT

This Action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public and/or competitor disclosure and from use for any purpose other than prosecution of this action is warranted. This Action relates to the competitive inflatable products industry. There are a limited number of players in this highly competitive industry, including the Parties to this Action, who regularly compete with each other for business in the U.S. As a result, for purposes of this Action, good cause exists to provide two levels of protection for this type of information:

- CONFIDENTIAL materials and information means and refers to any information, whether oral or in a document, thing, or other tangible form, that the Producing Party reasonably and in good faith believes is of the type protectable under Rule 26(c) of the Federal Rules of Civil Procedure and consists of, among other things, information that a Party is required to keep

2

confidential by law or by agreement with a Non-Party or otherwise, and confidential research, development, or commercial information that is generally unavailable to the public. To be clear, CONFIDENTIAL materials and information excludes: (1) information that was or is in the public domain at the time of disclosure, other than as a result of a violation of this Order; (2) information, which, after disclosure, is published or becomes part of the public domain, through no fault of the Receiving Party, but only after it is published or comes into the public domain, other than as a result of a violation of this Order; (3) information that (i) is in the possession of the Receiving Party without any confidentiality obligations at the time of disclosure, and (ii) was received by the Receiving Party from a source that possessed the right to disclose it without any such confidentiality obligations; (4) information disclosed by a Non-Party that is not subject to any confidentiality obligations at the time of the disclosure; (5) information that is discovered independently by the Receiving Party by means that do not constitute a violation of this Order; and (6) information that was, is, or becomes expressly released from being designated CONFIDENTIAL or HIGHLY CONFIDENTIAL by the Producing Party or by order of the Court.

- HIGHLY CONFIDENTIAL materials and information means and refers to any information, whether oral or in a document, thing, or other tangible form, that the Producing Party reasonably and in good faith believes to be so competitively sensitive that it is entitled to extraordinary protections – specifically, a bar on disclosure to employees or other non-attorney representatives of the opposing Party – and consists of, for example, (1) information constituting or disclosing a trade secret, or information from which a trade secret could be derived; (2) information relating to unpublished pending patent applications; (3) financial information, including without limitation information identifying the number of products or units sold, the total dollar value of products or units sold, or the revenues, costs, or profit margins for products or units sold, both forecasted and

actual; (4) information constituting product research and development and proprietary technical information; (5) confidential marketing plans, market research, and business strategies, including without limitation research regarding competitors and information regarding future products; (6) customer lists and information that reveals a customer's identity; and (7) agreements with Non-Parties and the terms thereof, including without limitation licensing and settlement agreements.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   <u>DEFINITIONS</u>

2.1   Action: *Intex Recreation Corp. v. Bestway (USA), Inc. and Bestway Inflatables & Materials Corporation*, Case No. 2:19-CV-08596-TJH(ASx), pending in the United States District Court for the Central District of California.

2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.

4

2.4   "HIGHLY CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and that would cause particular competitive or similar economic harm to a Party if disclosed to an employee or other non-attorney representative of the other Party, and as specified above in the Good Cause Statement.

2.5   Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9   House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals,

rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Designations with a higher confidentiality level when a lower level would suffice are prohibited.  Mass, indiscriminate, or routinized designations are prohibited. Material may not be designated if it has been made public.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) and section 5.2(b) below), or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

7

proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or the legend "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend," as applicable,  to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.  Transcripts containing designated material shall have a legend on the title page noting the presence of designated material.  The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be

8

treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as applicable. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer. The Challenging Party shall initiate the informal dispute resolution process set forth in the Court's Procedures and Schedules. *See* http://www.cacd.uscourts.gov/honorable-alka-sagar.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties  shall continue  to  afford  the

material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

### 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) No more than five (5) officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action, and who have signed the Agreement to Be Bound (Exhibit A), the signed copy of which shall be provided to the Designating Party before disclosure;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that (1) such expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), the signed copy of which shall be provided to the Designating Party before disclosure; (2) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor, at the time of retention, expected or anticipated to become

an officer, director, or employee of a Party or of a competitor of a Party at any time within two years of retention; and (3) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 7.4, below;

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), the signed copy of which shall be provided to the producing party before disclosure;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) any other person with the prior written consent of the Designating Party.

7.3    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless permitted in writing by the designator, a Receiving Party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY without further approval only to:

(a) The Receiving Party's outside counsel of record in this action and employees or independent contractors of outside counsel of record (e.g., photocopiers, document production vendors, etc.) to whom it is reasonably necessary to disclose the information;

(b) Outside experts or consultants retained by the receiving party or its outside counsel of record and to whom disclosure is reasonably necessary, provided that: (1) such expert or consultant has signed the Agreement to Be Bound (Exhibit A) and the signed copy of which has been provided to the producing party prior to disclosure; (2) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor, at the time of retention, expected or anticipated to become an officer, director, or employee of a Party or of a competitor of a Party at any time within two years of retention; (3) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (4) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 7.4, below;

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), the signed copy of which shall be provided to the producing party before disclosure;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(h) any other person with the prior written consent of the Designating Party.

7.4     <u>Procedures for Approving or Objecting to Disclosure of Protected Information or Items to Certain Categories of Individuals</u>.  Unless agreed to in writing by the Designating Party:

(a) Notice of Disclosure.

(1)  Prior to disclosing any protected material to any person described in Paragraphs 7.2(c) or 7.3(b) (hereinafter the "Person"), the party seeking to disclose such information will provide the producing party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of the Person's current employment and consulting relationships, and past relationships within the last ten (10) years, including relationships through entities owned or controlled by the Person, relating to the design, development, or patenting of inflatable products and/or to the acquisition of intellectual property assets relating to inflatable products; (iv) an up-to-date curriculum vitae of the Person; and (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years. The party seeking to disclose protected material will provide such other information regarding the Person's professional activities reasonably requested by the producing party for it to evaluate whether good cause exists to object to the disclosure of protected material to the outside expert or consultant. If the Person believes any of the information in this section is subject to a confidentiality obligation to a third party, then the Person should provide whatever information the Person believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclosing the information to the Person shall be available to meet and confer with the designator regarding any such confidentiality obligations.

(2) Within five (5) business days of receipt of the disclosure of the Person, the producing party or parties may object in writing to the Person for good cause. In the absence of an objection at the end of the five (5) business-day period, the Person will be deemed approved under this Protective Order. There will be no disclosure of protected material to the Person prior to expiration of this five (5)

13

business-day period. If the producing party objects to disclosure to the Person within such five (5) business-day period, the parties will meet and confer via telephone or in person within five (5) business days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court. It shall be the objecting party's burden to demonstrate it has good cause to object.  If relief is not sought from the Court within that time, the objection will be deemed withdrawn. If relief is sought, designated materials will not be disclosed to the Person in question until the Court resolves the objection.

(3) For purposes of this section, "good cause" will include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose discovery materials in a way or ways that are inconsistent with the provisions contained in this Order.

(4) Prior to receiving any protected material under this Order, the Person must sign the Agreement to Be Bound (Exhibit A), the signed copy of which shall be provided to the producing party before disclosure.

(5) Only upon a material omission of information required by Paragraph 7.4(a)(1) that would result in serious prejudice or business injury to a party who did not initially object to access by that Person may the non-objecting party later object to continued access by that Person. Any such later objection must be made in writing within three (3) business days of learning of the material omission of information. If such an objection is made, the Parties will meet and confer via telephone or in person within three (3) business days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have three (3) business days from the date of the meet and confer to seek relief from the Court. The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a

14

later objection is made, no further protected material will be disclosed to the Person until the Court resolves the matter or the producing party withdraws its objection. Notwithstanding the foregoing, if the producing party fails to move for a protective order within three (3) business days after the meet and confer, further protected material may thereafter be provided to the Person. If a later objection is made within a month of any deadline involving the Person to whom protected material is not able to be shown as a result of the objection, the parties agree to work together in good faith to extend such deadline to permit time for the Court to rule on the objection and/or the Person (e.g., expert) to be replaced.

(6) All challenges to objections from the designator shall proceed under the informal dispute resolution process set forth in the Court's Procedures and Schedules. *See* http://www.cacd.uscourts.gov/honorable-alka-sagar and Local Rule 37-1 through Local Rule 37-4.

8.   <u>PROTECTED   MATERIAL   SUBPOENAED   OR   ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as

15

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non- Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party

16

may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

The inadvertent production of material subject to a claim of privilege or other protection, despite the producing party's reasonable efforts to prescreen such material prior to production, will not waive the applicable privilege and/or protection if the producing party requests return of the inadvertently produced material after the learning of its inadvertent production.

Upon a request from any producing party who has inadvertently produced material it believes is privileged and/or protected, the receiving party will immediately return the protected material and all copies to the producing party, except for any pages containing privileged markings by the receiving party, which the receiving party will instead destroy and certify such destruction to the producing party.

Nothing written here will prevent the receiving party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced material and such other information as is reasonably necessary to identify that material and describe its nature to the Court in any motion to compel production of the inadvertently produced material.

12.   <u>MISCELLANEOUS</u>

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object  to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under

seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3

4    Dated:  September 18, 2020          **FAEGRE DRINKER BIDDLE**
                                          **& REATH LLP**
5

6                                         By:        _/s/ R. Trevor Carter_
                                                    R. Trevor Carter (*pro hac vice*)
7

8                                         *Attorneys for Plaintiff*
                                          Intex Recreation Corp.
9

10   Dated:  September 18, 2020          **DICKINSON WRIGHT PLLC**

11

12                                        By:       _/s/ Steven A. Caloiaro_
                                                    Steven A. Caloiaro (*pro hac vice*)
13

14                                        *Attorneys for Defendants*
                                          Bestway (USA), Inc. and Bestway
15                                        Inflatables & Materials Corp.

16

17   **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

18

19   Dated:  October 2, 2020

20

21

22   _____/ s / Sagar_____
     Honorable Alka Sagar
23   United States Magistrate Judge

24

25

26

27

28

AMENDED JOINT STIPULATED PROTECTIVE ORDER
Case No. 2:19-CV-08596-TJH-AS

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the

Central District of California on [date] in the case of *Intex Recreation Corp. v.

Bestway (USA), Inc., et al.,* 2:19-CV-08596-TJH(ASx). I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

for contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms of

this Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full

name] of _____ [print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:_____

AMENDED JOINT STIPULATED PROTECTIVE ORDER
Case No. 2:19-CV-08596-TJH-AS